# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL ACTION NO. 2:92-00020

**DIMIDROFF HALEY**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is defendant's motion to reduce his sentence based upon the First Step Act of 2018. (ECF No. 221). On December 21, 2018, the First Step Act was signed into law. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act applies the relief provided in the Fair Sentencing Act of 2010, which reduced the disparity in the treatment of crack and powder cocaine offenses, retroactively to eligible defendants. Under the First Step Act, "a court that imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. at § 404(b).

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been previously imposed or reduced in accordance with Sections 2 and 3 of the Fair Sentencing Act. Id. at § 404(c). In addition, a sentence may not be reduced if the defendant has made a previous motion for a reduction under the First Step Act that was denied on the merits.

Id.  Furthermore, a court is not required to reduce a sentence under the First Step Act.  Id.

On November 4, 1992, a jury found defendant guilty of the offenses of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (Count One), and using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), (Count Two).  On January 8, 1993, defendant was sentenced to a term of imprisonment of 97 months on Count One and 360 months on Count Two, sentences to be served consecutively.  Defendant was also sentenced to a term of supervised release of five years.  Defendant's sentence on Count One was reduced on two separate occasions and he is currently serving a total term of 420 months, consisting of 60 months on Count One and 360 months on Count Two.  Defendant's projected release date is March 30, 2022.

As the parties agree, Count One is a "covered offense" because it was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act which increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1).  Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams for cocaine base.  Furthermore, defendant's sentence was not previously imposed or

2

reduced in accordance with the First Step Act nor has he made another motion for a sentence reduction under the Act. Retroactive application of the First Step Act in defendant's case yields a statutory maximum sentence of twenty years and a guideline range of 33 to 41 months.

The United States has indicated that it does not object to a reduction in the defendant's sentence that is within the revised guidelines range or a reduction in his term of supervised release to three years.  Defendant argues that the court should reduce his sentence on Count One to imprisonment for less than thirty-three months and a term of supervised release of three years.[*] Defendant also requests a hearing and the United States opposes that request.

The First Step Act does not provide specific guidance as to how reductions should be implemented which has led to a difference of opinion on the proper procedure to be utilized.

> Although the parties agree on the ultimate result (which is probably all that matters to the defendant), they disagree on several matters relating to motions filed pursuant to the Act.  Congress has not provided much of a roadmap for implementing the Act.  See ESP Insider Express (U.S. Sentencing Comm'n Office of

---

[*] "[T]he First Step Act authorizes the Court to sentence the defendant anew and enter a variance in cases it deems appropriate." United States v. Spotts, Criminal Action No. 3:98-00047-01, 2019 WL 6521981, *3 (S.D.W. Va. Dec. 3, 2019) (Chambers, J.); see also United States Hardnett, Case No. 3:03cr212, 2019 WL 5445887, *7 (E.D. Va. Oct. 24, 2019) (recognizing that a variance sentence may be imposed when granting relief under the First Step Act).

3

Education & Sentencing Practice, Feb. 2019) (stating that "[c]ourts will have to decide" certain issues concerning the effect of the First Step Act). Hence, the parties are at loggerheads in several respects.

The Government and the Probation Office believe that the proper statutory vehicle for implementing the Act is 18 U.S.C. § 3582(c)(2), which provides that the court may reduce the term of incarceration of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The defendant disagrees, and argues that the relevant statute is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The practical effect of choosing one or the other subsection would be to determine the extent to which this Court can modify defendant's sentence: specifically, whether the Court should simply recalculate the defendant's Guideline sentence, or in effect wipe the slate clean and conduct an entirely new sentencing.

In addition, the defendant asserts that because, in his view, he is entitled to a plenary resentencing proceeding, the defendant has a right to be present. The Government and the Probation Office disagree with that assertion. Since defendant has executed a waiver of his presence for this proceeding, the Court need not decide that issue.

Finally, the defendant seeks a specific "new" sentence of 123 months. The Government and the Probation Office contend that a sentence of "time served" is all that is required.

District courts across the country have been dealing with these issues, in the wake of the enactment of these statutes.

<u>United States v. Sampson</u>, 360 F. Supp.3d 168, 170 (W.D.N.Y. 2019).

Our appeals court has provided some guidance. The United States Court of Appeals for the Fourth Circuit has confirmed that any sentence reduction under the First Step Act should be implemented pursuant to 18 U.S.C. § 3582(c)(1)(B). See United States v. Wirsing, No. 19-6381, 943 F.3d 175, 183-85, 2019 WL 6139017 (4th Cir. Nov. 20, 2019).

As for whether a court must hold a hearing, "[i]t is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." United States v. Baxter, Criminal Action No. 2:99-00215, 2019 WL 5681189, * (S.D.W. Va. Oct. 31, 2019) (Chambers, J.). "Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing." Id. (citing Wright v. United States, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *5 (E.D. Va. July 11, 2019)). "Nothing in the language of the FIRST STEP Act requires the Court to have a hearing. The Court may hold a hearing if it deems [one] necessary to adequately address the issues of a particular case, or to properly consider the § 3553(a) factors, but it need not do so for every § 3582 Motion under the FIRST STEP Act." Wright, 2019 WL 3046096, at *5.

In this case, the court concludes that a hearing is unnecessary and defendant's request for one is **DENIED**. The court has considered the record in this case, including the original

5

Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, a memorandum received from the Probation Office, and any materials submitted by the parties on this issue.  The court has also considered the applicable factors under 18 U.S.C. § 3553(a).

Based on the foregoing considerations, defendant's motion for a reduced sentence is **GRANTED** and it is further **ORDERED** that defendant's previous sentence on Count One be reduced to 33 months to run consecutively to the 360-month term of imprisonment imposed on Count Two, resulting in total term of imprisonment of 393 months.  Defendant's term of supervised release on Count One is reduced to three years, to run concurrently with the five-year term imposed on Count Two.  In all other respects, defendant's original sentence remains unchanged.  To the extent that defendant requested a variance sentence, his motion is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 20th day of December, 2019.

ENTER: David A. Faber
David A. Faber
Senior United States District Judge